McMinnville and Manchester Railroad *v.* Huggins & Price.

McMinnville & Manchester Railroad *v.* Huggins
& Price.

1. Practice. *Arbitration. Submission does not operate a discontinuance.
When.* If parties submit a cause, pending in Court, to the decision
of arbitrators, providing that the award shall be the judgment of the
Court, this will preserve the jurisdiction of the Court, and prevent a
discontinuance, even though the submission was not made under a
rule of the Court.

Cases cited: Crockett *v.* Beaty, 7 Hum., 66; Saffle, Adm'r, *v.* Cox, *et al.*,
9 Hum., 142; Rogers' Heirs *v.* Nall, 6 Hum., 26.

2. Receiver. *Railroad. Power to lease.* A receiver of a railroad, under
an appointment of the Governor, has no power to lease the road so as
to vest the lessees with an interest in the road and its franchises,
which could not be divested by a subsequent Act of the Legislature.

FROM FRANKLIN.

Appeal from the Chancery Court.     D. M. Key
Chancellor, by interchange.

Shackleford, Marks and Colyar for Railroad
Company.

12—vol. 3.

McMinnville and Manchester Railroad *v.* Huggins & Price.

SAVAGE, QUARLES and S. M. BURGER for Huggins and Price.

NICHOLSON, C. J., delivered the opinion of the Court.

This cause was heard and determined in the Chancery Court at Manchester, at the November Term, 1870, and brought to this Court by appeal, to the December Term, 1870. It was a suit by the McMinnville and Manchester Railroad Company against Huggins, Price and Davenport, and all three of the defendants appealed.

While the case was pending in this Court, to-wit, on the 20th January, 1871, the State filed her bill against the Edgefield and Kentucky Railroad Company and various other companies, and among them, the McMinnville and Manchester Railroad Company.

On the 2nd March, 1871, Huggins and Price appeared and demurred, and answered, and filed their cross-bill, in which they insist upon their right to the possession of the road, its rents, issues and profits until the 25th day of January, 1874, by virtue of a lease made to them by the Receiver appointed by the Governor.

On the 10th of March, 1871, an agreement was made, and entered of record, between the solicitors for the State and for the McMinnville and Manchester Railroad Company, for the purpose of facilitating the hearing, and on the 7th of April, 1871, a decree was rendered, in which it is recited, that it appears that Huggins and Price, claiming as lessees of said road,

have been made parties to the bill, and have answered, setting up their claim against the Company and the State.

It recites, further, that whereas it has been agreed. by said company, and the said Huggins and Price, to refer all matters in dispute, by suits commenced or otherwise, in regard to said lease, to the arbitrament, etc.; and that an award to be made by such referees shall determine and award whether Huggins and Price are indebted to the company, or whether the company is indebted 'to them, and how much, and that such award shall be binding on the company and said Huggins and Price. Now, it is agreed between the counsel for the State and the · counsel for Huggins and Price, that the award shall be binding on the State, but the question of law as to the liability of the State to said Huggins and Price, or their rights to any of the fund, is expressly reserved for the further adjudication of the Court.

It further appears, from the agreement entered of record, that the award of the referees was to be made the judgment of the Court, and that all matters in dispute pending in the Chancery and Supreme Courts at Nashville were submitted to reference.

On the 11th July, 1871, this cause was heard by Chancellor East, upon the previous proceedings, and the equity reserved in relation to the McMinnville and Manchester Railroad Company, in the matter of Huggins and Price, and upon the bill and answer and demurrer of said Huggins and Price, exhibits and proof,

when the Court decreed that the lien of the State was superior to the lien or rights, if any, of the said Huggins and Price, as lessees, under the circumstances stated in their answer, and that said Huggins and Price have no lien upon said road, its property and franchise, or on the proceeds of the sale thereof, nor to any relief against the State, or any other parties in this cause.

From this decree Huggins and Price have appealed to this Court.

The question submitted to us is, whether the agreement to refer all matters in dispute between the parties, operates as a discontinuance of the suit pending in the Supreme Court, of the McMinnville and Manchester Railroad Company against Huggins, Price and Davenport? The agreement was made in the cass of *The State* v. *The Edgefield and Kentucky Railroad Company, et als.*, but it expressly embraces all matters in dispute in that and in the case of the McMinnville and Manchester Railroad Company against Huggins, Price and Davenport, which was then pending in the Supreme Court. It does not appear, however, that any action was taken towards carrying the agreement into effect, by the selection of referees or otherwise. The Chancellor proceeded to a final hearing in the case of *The State* v. *The Edgefield and Kentucky Railroad Company*, deciding the matters in dispute against Huggins and Price, without any allusion to the agreement for reference to arbitrators, or to any award made by them. But on the view which the Chancellor

took of the rights of the parties, it was immaterial to his decision whether the matter in dispute had been arbitrated or not. He held, that upon their own showing, in their answer, Huggins and Price were entitled to no relief, either against the State or the Railroad Company. The action of the Chancellor, therefore, furnishes no evidence that the parties had abandoned or waived their agreement.

But it appears, from the agreement to arbitrate, that the award of the referees was to be made the judgment of the Court. The rule is well settled, that if parties submit a cause, pending in Court, to the decision of arbitrators, without providing that the award shall be made the judgment of the Court, such submission is a voluntary withdrawal of the cause from the jurisdiction of the Court, whether such agreement is binding on all the parties or not. 9 Hum., 142; 6 Hum., 29. If, however, there is a stipulation in the agreement that the award is to be made the judgment of the Court, the fact of the submission does not operate as a discontinuance, even though the cause may be submitted without a rule of Court. *Crockett* v. *Beatty*, 7 Hum., 66.

In the present case the submission was not made under a rule of Court, but it was stipulated that the award was to be made the judgment of the Court. This preserved the jurisdiction of the Court, and prevents a discontinuance.

In this view of the case it is unnecessary to look to the affidavits filed. The cause stands for hearing,

as if no agreement to arbitrate had been made. The motion to dismiss is therefore disallowed.

This cause was heard at the last Term of the Court, and held over under advisement. Having determined the preliminary question, as to the legal effect of the agreement to refer the cause to referees, the question next to be determined is, whether there is error in the decree of the Chancellor made at the November Term, 1870, from which Price, Huggins and Davenport have appealed.

The controlling question in the case is, whether Davenport, as Receiver of the road, under the appointment of the Governor, had the power to lease the road to Huggins and Price for three or five years, so as to vest them with an interest in the road and *its* franchises, which could not be divested by a subsequent Act of the Legislature. If there was any doubt on this question, which we think there is not, it would be removed by the fact that one of the stipulations on the face of the lease shows that Price and Huggins took it subject to the future legislation of the State. The Chancellor held that Davenport, as Receiver, had no power to execute the lease, and upon this decision turned his determination of the motion to dismiss the bills of complainant, and of the several demurrers, etc., in all which we find no error, and affirm his decree, with costs, and remand the cause for further proceedings.